UNITED STATES of America, Appellee,

v.

Willie B. McCLOUD, Appellant.
No. 13648.

United States Court of Appeals, Fourth Circuit.
June 3, 1970.

---

is insufficient to support the finding of guilt and questions certain statements made by the trial judge in commenting on the evidence. We find oral argument unnecessary; and we affirm.

■ The issue relating to the validity of the § 174 presumptions of illegal importation and knowledge of illegal importation as applied to heroin has been resolved adversely to the appellant by Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, decided after appellant's brief was filed. The evidence here was quite sufficient to show that the appellant had sufficient dealings with the drug so that the presumption of knowledge of illegal importation could properly be used against him. 396 U.S. at 416–417, 90 S.Ct. 642.

■ Implicit in appellant's second argument is a concession that the Government's evidence, if believed, tends to show that on two separate occasions he received, concealed and transported quantities of heroin hydrochloride as charged. Appellant urges, however, that because he was acquitted on two counts of distributing those drugs not in or from the original stamped packages, the jury must necessarily have disbelieved the account of appellant's conduct given by the Government's witnesses, and that without their testimony no evidence sufficient to convict remains. We decline to indulge in such unwarranted speculation into the reasons for a particular jury verdict. United States v. Grow, 4 Cir., 394 F.2d 182. Implicit contradiction in the verdict is not a fatal defect.

Paul A. Burns, Warren, Ohio (court-appointed attorney), on the brief, for appellant.

Brian P. Gettings, U. S. Atty., and C. P. Montgomery, Jr., Asst. U. S. Atty., on the brief, for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

On appeal from convictions on two counts of violating 21 U.S.C. §§ 173 and 174,[1] the appellant contests the validity of the presumptions contained in the latter statute,[2] contends that the evidence

1. Appellant was charged in four additional counts relating to the same two transactions with distributing heroin not in or from an original stamped package in violation of 26 U.S.C. § 4704(a) and with selling the heroin not pursuant to a written order form as required by 26 U.S.C. § 4705(a). The two counts for the § 4705(a) violations were dismissed; a verdict of not guilty was returned on the § 4704(a) counts.

2. Section 174 provides in pertinent part: "Whoever * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any * * * narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned * * *.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Upon a review of the comments made by the trial judge in instructing the jury, we find no merit in appellant's claims that the jury was misled or its function usurped.

Affirmed.